

# THE ATTORNEY GENERAL
## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

October 7, 1964

Honorable Henry Wade
District Attorney
Dallas County
Dallas, Texas

Opinion No. C-329

Re: Sheriff's responsibility
in mental health cases.

Dear Mr. Wade:

You have requested our opinion on the following questions:

> 1. Under what circumstances is it required that a police officer or Sheriff make a written application stating the circumstances under which an insane person was taken into custody and, further, stating that it is the officer's belief that the person is mentally ill and likely to cause injury to himself or others?

> 2. . . .The procedure the sheriff's office should follow in handling insane persons as regards to their transportation and admission into private mental institutions?

Article 5547-68, Vernon's Civil Statutes, provides for the admission and detention of patients under the Mental Health Code in categories as follows:

> 1. Voluntary Hospitalization
> 2. Emergency Admission
> 3. Temporary Hospitalization
> 4. Indefinite Commitment

Article 5547-22 through 5547-26, Vernon's Civil Statutes, which govern voluntary hospitalization, Article 5547-31 through 5547-39, Vernon's Civil Statutes, which govern temporary hospitalization, and Article 5547-40 through 5547-57, Vernon's Civil Statutes, which govern indefinite commitments, place no requirements or statutory duties upon

-1570-

peace officers to institute a proceeding for the commitment of mentally ill persons.

Articles 5547-27 through 5547-30, Vernon's Civil Statutes, governs emergency admission of mentally ill persons. Article 5547-27 sets forth the duties and authority of health and peace officers where an emergency exists. Said Article reads as follows:

"Any health or peace officer, who has reason to believe and does believe upon the representation of a credible person, in writing, or upon the basis of the conduct of a person or the circumstances under which he is found that the person is mentally ill and because of his mental illness is likely to cause injury to himself or others if not immediately restrained, may upon obtaining a warrant from any magistrate, take such person into custody, and immediately transport him to the nearest hospital and make application for his admission, pursuant to the warrant of the magistrate. Such person admitted upon such warrant may be detained in custody for a period not to exceed twenty-four (24) hours, unless a further written order is obtained from the County Court or Probate Court of such county, ordering further detention. Provided, however, that should the person be taken into custody on a Saturday or Sunday, or a legal holiday, then the twenty-four hour period allowed for obtaining the court order permitting further detention shall begin at 9:00 o'clock a.m. on the first succeeding business day."

Article 5547-28, V.C.S., sets out the requirements for admission of a patient to a mental or general hospital under emergency conditions. This Article reads as follows:

"The head of a mental hospital or a general hospital shall not admit nor detain any person for emergency observation and treatment unless:

"(a) A warrant has been obtained from a magistrate ordering the apprehension and taking into custody of such person to be admitted, or an order of protective custody has been issued

pursuant to Section 66 of this Code;

"(b)  A written application is made by a
health or peace officer who has such person in
his custody stating the circumstances under
which the person was taken into custody and
the officer's belief and the reasons therefor
that the person is mentally ill and that
because of his mental illness is likely to
cause injury to himself or others if not
immediately restrained; and

"(c)  A written and certified opinion is
made by the medical officer on duty at the
hospital, that after a preliminary examination
the person has symptoms of mental illness and
is likely to cause injury to himself or others
if not immediately restrained."

It is well to note that Article 5547-27 and
Article 5547-28, supra, apply to those situations in which
there is an emergency which necessitates the immediate
hospitalization of a mentally ill person because his present
mental condition is such that the person is likely to cause
injury to himself or others if not immediately restrained.

It should be further noted that paragraph (b) of
Article 5547-28 provides for a written application to be made
by the peace officer who is operating under the emergency
conditions as set forth in Article 5547-27, supra.

After careful consideration of the applicable
statutes and the briefs submitted to us, we are of the opinion
that your conclusion correctly states the law in reference to
your first question.  We therefore adopt, as the opinion of
this office, your conclusion which reads:

"It is our opinion that the only instance
when a police officer must make a written
application stating his opinion that the patient
is mentally ill and is likely to cause injury to
himself or others is when an emergency exists
and a warrant is issued by a magistrate ordering
the apprehension of the mentally ill person under

the stated provisions of Articles 5547-27
and 5547-28, supra.

"We are of the further opinion that when
the Probate Court has issued an order dealing
with the commitment of a mentally ill person
that the officer so directed by the order is
obligated to execute the same.

"An order of the Probate Court is complete
within itself and may not be conditioned by a
requirement that the officer make any written
application to a mental institution. Such
would be unconstitutional in that it would
place an illegal limitation upon the jurisdiction
of the Probate Court. Therefore, when the Probate
Court has issued an order directing an officer to
transport a mentally ill person to a mental
institution the order is effective at the time
of its issuance and no written application is
necessary to make the order effective."

## Transportation of Mentally Ill Persons

In order to answer your second question, the
statutes under Chapter III, Part 4 of the Mental Health Code
must be reviewed. This review reveals the following:

When a person has been adjudged mentally ill by the
Court, said Court issues an order of Temporary Hospitalization
or Indefinite Commitment, and in said order commits the
mentally ill person to a designated State Mental Hospital, a
private mental hospital, or to an agency of the United States
operating a mental hospital (Art. 5547-58).

The Court may authorize a relative or other re-
sponsible person to transport the patient to the designated
mental hospital, or should the head of the designated hospital
advise the Court that hospital personnel are available for the
purpose, the Court may authorize the head of the hospital to
transport the patient to said hospital; otherwise, the Court
may authorize the sheriff to transport the patient to said
hospital. (Art. 5547-61)

When the Sheriff is to transport a patient, the clerk of the committing Court shall issue a writ of commitment in duplicate to him, commanding him to take charge of the patient and transport him to the designated mental hospital. (Art. 5547-62)

The Sheriff shall not transport the patient in a marked police or sheriff's car or allow the patient to be accompanied by officers in uniform if other means are available. (Art. 5547-64)

Every female patient shall be accompanied by a female attendant unless accompanied by her father, husband or adult brother or son during conveyance to the mental hospital. (Art. 5547-64)

When the patient is delivered to the mental hospital, the Sheriff shall furnish one of the duplicate writs of commitment to the head of the mental hospital and the hospital, in turn, shall give the Sheriff transporting the patient a written statement acknowledging acceptance of the patient and of any personal property belonging to him, and the head of the hospital shall also file a copy of such statement with the clerk of the Committing Court. (Art. 5547-65)

When an application for Temporary Hospitalization or Indefinite Commitment is pending and a Certificate of Medical Examination is filed stating that the patient is mentally ill and is likely to cause injury to himself or others, the Judge may order a health or peace officer to take the proposed patient into custody and transport him to a designated hospital. (Art. 5547-66)

## SUMMARY

The only time a peace officer must make a written application stating the circumstances under which the person was taken into custody and stating his opinion that the person is mentally ill and is likely to cause injury to

himself or others is when an emergency exists, and a warrant of arrest is issued by a magistrate ordering the apprehension of the mentally ill person as provided by Articles 5547-27 and 5547-28, Vernon's Civil Statutes.

The procedure for peace officers in transporting mentally ill persons to designated hospitals is covered by statutes under Chapter III, Part 4 of the Mental Health Code, and the pertinent statutes are discussed in the body of this opinion.

Yours very truly,

WAGGONER CARR
Attorney General

By: Dean Arrington

Dean Arrington
Assistant

DA:mkh;bk

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Malcolm Quick
Mary K. Wall
Brandon Bickett

APPROVED FOR THE ATTORNEY GENERAL
By: Roger Tyler